UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joanne Anderson,

    Plaintiff,

v.                                                              Case No.  05-72554

John E. Potter, Postmaster General                              Honorable Sean F. Cox
of the United States,

    Defendant.
_____/

## OPINION & ORDER

This employment discrimination and retaliation action, filed by a United States Postal Service worker, is currently before the Court on Defendant's Motion for Summary Judgment. The parties have briefed the issues and the Court heard oral argument on March 8, 2007. For the reasons set forth below, Defendant's Motion shall be **GRANTED.**

BACKGROUND

Plaintiff Joanne Anderson ("Plaintiff") is a 57 year-old African American female who began working for the United States Postal Service in 1965. (Am. Compl. at ¶13; Def.'s Br.[1] at 1). At all relevant times, Plaintiff was a mail handler at the Airport Mail Center ("AMC") and her job duties include sorting, loading and unloading mail from trucks and other mail equipment.

The AMC mail handlers are divided into three work shifts: the midnight shift (Tour 1), the day shift (Tour 2) and the afternoon shift (Tour 3). Plaintiff's regular assignment is on Tour

---

[1]In her Response Brief, Plaintiff expressly incorporated "the Background section, and its attachments, of Defendant's Motion for Summary Judgment," stating that Plaintiff's exceptions to any facts would be noted in her Response Brief. (Pl.'s Resp. Br. at 7 n.1).

1

2, the day shift. She has, however, occasionally worked on other tours when her supervisor approved her requests for a temporary change of schedule.

A separate Overtime Desired List ("ODL") is maintained for each shift. At all relevant times Plaintiff was on the ODL for Tour 2. Supervisor Michael Harrison ("Harrison") scheduled overtime work on Tour 2, while supervisor Christine McNally ("McNally") scheduled overtime work on Tour 3. Harrison assigns overtime to the employees listed on the Tour 2 ODL on a rotating basis. In assigning overtime, McNally only rotated overtime work to employees that were permanently assigned to Tour 3 and listed on the Tour 3 ODL.

During her employment with Defendant, Plaintiff has filed at least seventeen complaints with the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory treatment and harassment. Most of those complaints were either settled or voluntarily withdrawn.[2]

A number of Plaintiff's EEOC complaints involve an individual named Carlos Parker ("Parker"), a 56 year-old African American male[3] who was the Manager of Distribution Operations at the AMC in 1992. Although Parker transferred out of the AMC for a period of time, he later returned to the AMC. Plaintiff testified that Parker returned to the AMC in June of 2002, at which time he told her "I'm going to see if I can help run you out of here." (Pl.'s Ex. 4 at 125).

Plaintiff filed this action against John E. Potter, Postmater General of the United States

---

[2] The remaining complaints, which form the basis of this action, were investigated by the EEOC, which found that Plaintiff failed to prove her claims.

[3] *See* Ex. 9 to Pl.'s Response at 224.

("Defendant") on June 27, 2005.  Plaintiff's Amended Complaint, filed on November 28, 2006, asserts the following five counts: "Race Discrimination" under Title VII (Count I); "Age Discrimination" under the ADEA (Count II); "Retaliation for Lawful Exercise of Complaints" under Title VII and the ADEA (Count III); "Gender Discrimination" under Title VII (Count IV); and "Hostile Work Environment" under Title VII and the ADEA (Count V).

On December 5, 2006, Defendant filed the instant Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c).

Standard of Decision

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c).  The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

At the summary judgment stage, a plaintiff must adduce either direct or circumstantial evidence to prevail on her discrimination claim. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004).  Here, Plaintiff does not assert that direct evidence supports any of her claims.  Thus, she

must rely on circumstantial evidence.

Under the circumstantial evidence approach, a plaintiff must show the existence of facts which create an inference of discrimination under the familiar *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Both parties acknowledge that the *McDonnell Douglas* framework applies to Plaintiff's Title VII claims and her ADEA claims. Under that framework, once a plaintiff establishes such a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action. If the employer articulates such a reason, then the Plaintiff has the burden of showing that the articulated reason is in reality a pretext to mask discrimination. *Skrjanc, supra.* A plaintiff establishes pretext by showing that the reason offered by the defendant: 1) has no basis in fact; 2) did not actually motivate the decision; or 3) was insufficient to warrant the decision. *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

A.      Plaintiff's Race, Sex & Age Discrimination Claims:

To demonstrate a prima facie claim of race or sex discrimination, the plaintiff must show that 1) she was a member of a protected class; 2) she suffered an adverse employment action; 3) she was qualified for the position; and 4) she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

To establish a prima facie claim of age discrimination under the ADEA, a plaintiff must show that: 1) she was at least 40 years old at the time of the alleged discrimination; 2) she was subjected to an adverse employment action; 3) she was otherwise qualified for the position; and

4

4) she was replaced by a younger worker or can show that similarly situated non-protected employees were treated more favorably. *Tuttle v. Metropolitan Gov't of Nashville*, 474 F.3d 307, 320 (6th Cir. 2007).

In order to set forth a claim of discrimination, a plaintiff must show that she has suffered an adverse employment action; that is, she must establish that she has suffered a "materially adverse" change in the terms or conditions of employment because of the employer's action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000). The Sixth Circuit has explained that a materially adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Watson v. City of Cleveland*, 202 Fed. Appx. 844, 854 (6th Cir. 2006).

To be deemed "similarly situated," the individuals with whom the plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

Defendant does not dispute that Plaintiff, a 57 year-old African American female, is a member of the protected classes at issue. It asserts, however, that Plaintiff cannot establish the other elements of a prima facie claim of race, sex or age discrimination.

Plaintiff's Response Brief indicates that her race, sex and age discrimination claims are based on the following alleged adverse employment actions: 1) being bypassed for overtime work; 2) being denied reimbursement for mileage from an EEOC hearing; and 3) being called stupid by a supervisor or co-worker.

With respect to the allegation of being denied mileage reimbursement from an EEOC hearing, Defendant asserts such an action is de minimus in nature and not actionable as an adverse employment action under Title VII.

With respect to the allegation of being denied overtime, Defendant acknowledges that denial of overtime may be an actionable adverse employment action, but asserts that Plaintiff cannot establish that she was treated differently than any similarly situated non-protected employees with respect to overtime work.

Defendant also articulates legitimate nondiscriminatory reasons for Plaintiff not being assigned overtime work. As to Plaintiff's claim that she was denied Tour 3 overtime, Defendant states that because Plaintiff was not permanently assigned to Tour 3, she was not included on the Tour 3 overtime rotation. As to Plaintiff's claim that she was denied Tour 2 overtime, Defendant states that the supervisor who assigned such overtime, Harrison, rotated overtime among the five employees who had placed their names on the Tour 2 ODL. Defendant's Exhibit No. 13 is a declaration from Harrison attesting to rotating the overtime among the five employees and stating that race, gender, age and prior EEO activity was not a consideration in assigning overtime work.

Although Plaintiff's Response Brief asserts that Plaintiff's race, sex and age discrimination claims are based on the three alleged adverse actions (*i.e.*, being bypassed for overtime work, being denied reimbursement for mileage, and being called stupid by a

supervisor), Plaintiff does not identify the record evidence of those alleged adverse employment actions. Rather, she simply states the following with respect to each alleged action:

- Being bypassed for overtime work: Page 11 of Plaintiff's statement of facts refers to "[t]he relatively recent denial of overtime opportunities," with no references to record evidence of such.

- Being denied reimbursement for mileage: Page 12 of Plaintiff's statement of facts states that "[d]espite an order from the administrative judge, Plaintiff was not reimbursed for the travel associated with the six days of hearings." Plaintiff does not identify any record evidence in support of that allegation, nor does she identify how that alleged action could be construed as race, sex or age discrimination.

- Being called stupid by a supervisor or co-worker: On page 19 of her brief, Plaintiff states that "for a supervisor to call an employee stupid, or stand idly by while a co-worker does the same, sends a clear message that the victim of such conduct is not deserving of respect in the workplace." Plaintiff does not identify the supervisor or co-worker who allegedly called her stupid, when this occurred, the circumstances surrounding the alleged incident, or how it could be construed to be race, sex or age discrimination.

In addition, Plaintiff does not respond to Defendant's argument that any denial of mileage reimbursement is de minimus in nature and therefore not actionable as an adverse employment action under Title VII. Nor does Plaintiff respond to Defendant's argument that the allegation of being called stupid, even if it occurred, proves nothing because it has no relation to race, sex or race. Finally, at the March 8, 2007 hearing, Plaintiff's counsel acknowledged that there is no evidence to support a prima facie claim of age discrimination.

The Court concludes that Plaintiff has failed to establish a prima facie case of race, sex or age discrimination. First, Plaintiff has not identified any record evidence to support her allegations relating to being denied mileage reimbursement or being called stupid by a co-worker or supervisor. Thus, Plaintiff cannot establish either of those two alleged adverse employment actions to support a prima facie case. Moreover, Plaintiff has not established that such actions

have any relation to race, sex or age or that they are significant enough to be considered "adverse employment actions" that would support a Title VII claim.

Although Plaintiff has similarly failed to identify any evidence to establish that she has been bypassed for overtime work, Defendant acknowledges that Plaintiff can establish that, at times, overtime work has been given to others. (*See* Def.'s Br. at 10). Even so, Plaintiff has not identified any similarly situated non-protected employees who were treated differently than Plaintiff with respect to receiving overtime work.

Moreover, Defendant has articulated a legitimate, nondiscriminatory reason for the challenged action of bypassing Plaintiff for overtime work. Defendant asserts, and has submitted evidence to establish, that Plaintiff was not awarded overtime work on Tour 3 because she was not permanently assigned to Tour 3 or on the ODL list for Tour 3. It further asserts, and offers another declaration to establish, that Tour 2 overtime was equally rotated among the five Tour 2 ODL employees, including Plaintiff.

Plaintiff does not even address Defendant's legitimate nondiscriminatory reasons for its actions relating to overtime, much less submit any evidence to establish that Defendant's stated reasons for bypassing Plaintiff for overtime work are a pretext for unlawful discrimination.

Accordingly, for all of these reasons, Defendant is entitled to summary judgment with respect to Plaintiff's race, sex and age discrimination claims.

B.   Plaintiff's Retaliation Claim:

To establish a prima facie case of unlawful retaliation, Plaintiff must show that: 1) she engaged in a protected activity; 2) the employer knew of that protected activity; 3) the defendant took an employment action against the plaintiff that a reasonable employee would have found

materially adverse; and 4) there is a causal connection between the protected activity and the adverse action.  *Watson,* 202 Fed. Appx. at 854 (citing *Burlington N. & Santa Fe Rwy. Co. v. White,* 126 S.Ct. 2405, 2415 (2006)).

In *Watson*, the Sixth Circuit explained that under *Burlington*, with respect to a retaliation claim, "an adverse employment action is any action, which might dissuade 'a reasonable worker from making or supporting a charge of discrimination.'" *Watson*, 202 Fed. Appx. at 855. "Whether an employment action is materially adverse to a reasonable employee depends on the context in which the action takes place." *Id.*

If a plaintiff establishes a prima facie case, the burden of production of evidence shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  *Tuttle v. Metropolitan Gov't of Nashville*, 474 F.3d 307, 320 (6th Cir. 2007).  The plaintiff then must demonstrate that the proffered reason was not the true reason for the employment decision.  *Id.*

Defendant does not dispute that Plaintiff engaged in protected activity (*i.e.*, filing EEOC complaints) and that Defendant was aware of that protected activity.  Thus, Plaintiff can establish the first two elements of a prima facie case of unlawful retaliation.  Defendant asserts, however, that Plaintiff cannot establish the remaining elements of a prima facie claim of retaliation.

Plaintiff asserts that the following alleged adverse actions were taken against her in retaliation for filing EEOC complaints: 1) she was marked "AWOL" on two dates in September 1999 when she appeared late for work; 2) she was bypassed for overtime work; 3) she was denied mileage reimbursement for an EEOC hearing; 4) she was called stupid by a supervisor or co-worker; and 5) Parker told her that he was going to run her out of the building in June, 2002.

Again, Plaintiff has submitted no evidence to establish that she was denied mileage

9

reimbursement or called stupid by a co-worker or supervisor. Defendant acknowledges that overtime was given to others, but states legitimate nondiscriminatory reasons for such actions. Plaintiff has not even attempted to establish that such reasons are pretextual.

With respect to being marked AWOL on two occasions, Plaintiff does not deny that she appeared late for work on those dates, but rather, argues that her supervisor should have issued her a leave without pay ("LWOP") instead of marking her as AWOL. In any event, Plaintiff does not dispute that her supervisor marked other non-protected employees as AWOL when they appeared late for work.

In addition, establishing a causal connection between the protected activity and the alleged adverse employment actions is an essential element of a prima facie claim of retaliation. Plaintiff has submitted no evidence to establish any causal connection between the protected activity and the alleged retaliatory actions.

Accordingly, Plaintiff has failed to establish a prima facie case of retaliation, thereby entitling Defendant to summary judgment.

C.     Plaintiff's Hostile Work Environment Claim:

It is well established that under Title VII, a hostile work environment occurs when an individual's workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). In order to prevail on a Title VII hostile work environment claim, a plaintiff must prove that the defendant's conduct was objectively severe or pervasive enough to create a work environment that any reasonable person would find hostile or abusive, and the victim must subjectively regard the environment as abusive. *Id.* at 21-22;

*Adams v. Tennessee Dept. Of Finance and Admin.*, 179 Fed. Appx. 266, 274 (6th Cir. 2006).

Whether an environment is hostile or abusive can be determined only by looking at all the circumstancing, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id*. Isolated incidents, unless extremely serious, are not sufficient to support a hostile work environment claim. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 790 (6th Cir. 2000).

Title VII is not a general civility code. *Id*. "Of paramount importance, the court must 'distinguish between harassment and discriminatory harassment,' because it is the latter that is requisite to a Title VII hostile work environment cause of action." *Id*. (Citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000)).  In other words, Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at harassment that occurs *because of* the protected class of the plaintiff. *Bowman,* 220 F.3d at 463-64.

Defendant contends that it is entitled to summary judgment with respect to Plaintiff's hostile work environment claim because: 1) the conduct she complains of is not severe and pervasive as a matter of law; and 2) Plaintiff has not shown that the conduct she complains of occurred because of her race, gender, age or prior EEO activity.

In her Response Brief, Plaintiff does not address Defendant's asserted grounds for relief, except to reference Parker's comment that he would run Plaintiff out of the building as a "calculated attack on Plaintiff's sensibilities." Thus, the only incident of harassment specifically identified in Plaintiff's brief as supporting her hostile work environment claim is the single comment from Parker. Plaintiff does not explain how that comment can be construed as having

been made because of her race, sex, age or prior EEO activity.

Parker's isolated comment, standing alone, is simply insufficient as a matter of law to establish a hostile work environment, even if Plaintiff could establish that it was made because she is a member of a protected class. *See Bowman*, 220 F.3d at 464-65.

With respect to her other claims, Plaintiff's Response Brief does reference other incidents, such as: 1) being denied mileage reimbursement for an EEO hearing, 2) being called stupid by a co-worker or supervisor, 3) being bypassed for overtime, and 4) being marked AWOL on two instances when she was late for work. Such incidents, however, cannot support a hostile work environment claim because Plaintiff did not submit any admissible evidence to establish that those actions took place. In addition, Plaintiff has made no attempt to establish that those actions were made because she is a member of a protected class. That is, Plaintiff has not shown that the alleged harassment was based upon her status as an African American, a female, a 57 year-old or a person who had submitted an EEOC complaint. *Bowman, supra*, at 464.

Moreover, even if Plaintiff has submitted evidence to establish that those incidents occurred, and were related to one of the protected classes, such incidents would still not constitute severe or pervasive harassment, as is required to support a hostile work environment claim. *Bowman, supra*, at 464-465.

Accordingly, Defendant is also entitled to summary judgment with respect to Plaintiff's hostile work environment claim.

CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager